RECEIVED

JUN 1 0 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHESTER BRYAN et al | CIVIL ACTION NO. 14-cv-03063 |
| VERSUS | JUDGE DONALD E. WALTER |
| DIRECTV, LLC et al | MAG. JUDGE MARK L. HORNSBY |

## MEMORANDUM RULING AND ORDER

Before the Court are two Motions to Dismiss the First Amended Complaint (hereinafter "complaint"), filed by Defendant Directv, LLC ("Directv")[1] [Doc. #22] and Defendant Multiband Corporation ("Multiband") [Doc. #23] (collectively "Defendants"). The motions are filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs[2] have filed a Combined Response in Opposition to the Motions to Dismiss [Doc. #25], as well as a Conditional Motion for Time to Seek Leave to Amend their Complaint [Doc. #26], should the Court grant any part of Defendants' motions to dismiss. Defendants have also filed a Combined Reply in Support of their Motions to Dismiss [Doc. #29], as well as an Opposition to Plaintiffs' conditional motion [Doc. #30]. For the reasons that follow, the motions to dismiss [Docs. ##22, 23] are hereby **DENIED**, and Plaintiffs' motion [Doc. #26] is hereby **DENIED as MOOT**.

---

[1] Plaintiffs named both Directv, Inc. and Directv, LLC; however, effective January 1, 2012, Directv, Inc. merged into Directv, LLC and out of existence. [Doc. #22, p. 1; Doc. #15, p. 4].

[2] The individual plaintiffs are: Chester Bryan, Demetrius Gardner, Aduastic George, Joseph Hernandez, Heath Herriage, William Houghes, Brandon Howard, Bruce King, David Konecny, Demetrius Walker, Stephen Belk, Deitriek Mahoney, Randy Phelps, Thong Tran, Joe Wilson, and Kelly Hudson. Plaintiffs Gardner, King, Konecny, Mahoney and Phelps assert claims against Directv only; Plaintiffs Bryan, Belk, George, Hernandez, Herriage, Houghes, Howard, Hudson, Tran, Walker and Wilson assert claims against both Directv and Multiband.

1

## BACKGROUND

Plaintiffs, who are sixteen (16) former and current technicians who installed and repaired Directv satellite television equipment in Louisiana, allege that they are legally employed by Directv and/or Multiband and entitled to, but have been deprived of, the overtime and minimum wage protections of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq* ("FLSA").

According to the complaint, Directv controls and manages its nationwide corps of service technicians both by direct employment and through an employment network of service providers ("the Provider Network"). The Provider Network consists of Home Service Providers ("HSPs"), including Defendant Multiband, Secondary Service Providers ("Secondary Providers"), subcontractors and service technicians. Plaintiffs contend that, at all relevant times, Directv was the primary and/or sole client of, and therefore source of income for, the HSPs and Secondary Providers (collectively "the Providers").[3] Plaintiffs generally describe Directv's Provider Network as a top-down structure of interconnected contracts between Directv and the Providers, subcontractors, and technicians.

All technicians, whether employed directly by Directv or through the Provider Network, are allegedly required to drive a Directv-branded vehicle, wear a Directv uniform, and perform their work in strict accordance with Directv's policies and procedures. Plaintiffs' work assignments and daily schedules are typically received via Directv's centralized computer and dispatch systems, and Plaintiffs are required to "check-in" or report to Directv at the start and completion of each assigned job. By requiring all technicians to pass pre-screening and background checks, as well as obtain certification from the Satellite Broadcasting &

---

[3] Plaintiffs allege that many (at least thirteen) HSPs were subsumed by Directv and that only three "independent" HSPs remain, including Multiband.

Communications Association, Directv controls who may be hired, within the Provider Network, to perform Directv installations.

Multiband is alleged to have performed middle-management functions, such as scheduling and supervision, between Directv and those technicians directly employed by Multiband. Plaintiffs allege that Directv set forth the hiring criteria, qualifications, and work requirements applicable to the Multiband technicians. For each of its technicians, Multiband maintained contractor files, regulated and audited by Directv, which Plaintiffs analogize to "personnel files." Multiband had the power to enter into and terminate contracts with, *i.e.* to hire and fire, its technicians, who were also required to pick up Directv equipment and receive certain Directv training at warehouses and facilities maintained by Multiband.

Through the Provider Network, Plaintiffs allege that Directv establishes, defines, and controls the economic relationship with all technicians, including the "piece-rate" compensation method by which Plaintiffs are paid, despite never having agreed to same.[4] Directv allegedly determines whether Plaintiffs' work merits compensation, according to defined categories of compensable ("productive") and non-compensable ("nonproductive") tasks. Technicians are compensated for "productive" tasks, defined by Directv and listed on a standardized rate card. Plaintiffs complain that, by designating certain tasks as "nonproductive," Directv refuses to compensate Plaintiffs for "integral and indispensable tasks[,]" necessary to the principal responsibility of installing and repairing Directv satellite television service. Plaintiffs further complain that wages are not paid "free and clear," in that Directv imposes "chargebacks" or "rollbacks," reducing Plaintiffs' effective wage rates, for a variety of reasons outside of

---

[4] Doc. #15, p. 14, ¶73; p. 15, ¶76. Plaintiffs argue that, where there is no such agreement, the FLSA is not satisfied. *Id.* at p. 15, ¶75 (citing 29 U.S.C. § 207(g) and 29 C.F.R. 778.318(c)).

Plaintiffs' control. Thus, Plaintiffs allege that any compensation, received in accordance with a "regular rate" of pay, does not reflect compensation for all regular and/or overtime hours worked. Additionally, those Plaintiffs treated as independent contractors ("Independent Contractor Plaintiffs")[5] are required to purchase their own supplies and fuel, further reducing their wages for expenses incurred for Directv's financial benefit.

Plaintiffs thus allege that Defendants violated the FLSA, through Directv's fissured employment scheme, by depriving Plaintiffs of compensation for all hours worked, including minimum wages, overtime pay, and reimbursement of necessary business expenses. *See* 29 U.S.C. §§ 206(a) and 207(a)(1).[6] Plaintiffs further allege that Defendants' failure to pay minimum and overtime wages constituted willful violations of the FLSA, including failure to keep accurate records of all hours worked by, compensation paid to, and expenses incurred by Plaintiffs. Plaintiffs allege that Defendants failed to act in good faith and either knew or should have known that Directv's fissured employment scheme utilized a piece-rate system to unlawfully deny minimum and overtime wages, as well as other employment benefits. Plaintiffs claim that Defendants are liable for the unpaid minimum wages and overtime pay, along with an additional amount of liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

---

[5] As described in the complaint, the "Independent Contractor Plaintiffs" are: Chester Bryan, Demetrius Gardner, Aduastic George, Joseph Hernandez, Heath Herriage, William Houghes, Brandon Howard, Bruce King, David Konecny, Demetrius Walker, Stephen Belk, Deitriek Mahoney, Thong Tran, and Joe Wilson. In other words, the only two Plaintiffs who do not claim to have been treated as independent contractors are Randy Phelps and Kelly Hudson. Furthermore, Hernandez, Herriage, Walker, and Wilson allege to have only been treated as independent contractors during particular periods of time, and otherwise directly employed.

[6] Plaintiffs have alleged various applicable periods of time, depending on Plaintiffs' relative employment dates and participation in the relevant litigation history, for purposes of calculating damages. [Doc. #15, pp. 37-38, ¶¶ 196-197].

## LAW AND ANALYSIS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint falls short of this directive, a defendant may move to dismiss the claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Twombly*, 550 U.S. at 555-56 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

In weighing these principles, while considering a Rule 12(b)(6) motion to dismiss, "[t]he issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer

evidence to support his claim." *Jones*, 188 F.3d at 324 (citing *Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). "Thus, the [C]ourt should not dismiss [a] claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." *Martin K. Eby*, 369 F.3d at 467 (quoting *Jones*, 188 F.3d at 324)).

Defendants' motions are essentially identical, save for particular differences noted below. First, Defendants allege that, pursuant to 29 U.S.C. § 255(a), certain Plaintiffs' claims are time-barred by the FLSA's two-year statute of limitations, because Plaintiffs' complaint fails to allege facts sufficient to state "willful" violations of the FLSA, which might entitle them to a longer, three-year limitations period.[7] Second, Defendants contend that the allegations in the complaint are insufficient to support certain Plaintiffs' minimum wage claims under the FLSA.[8] And, third, Defendants allege that Plaintiffs have failed to plead facts sufficient to support their claims that they were employed by Directv and/or Multiband. As to the Independent Contractor Plaintiffs, Defendants argue that the complaint fails to allow for reasonable inferences that they were employees, as opposed to independent contractors, of third party entities that directly engaged

---

[7] Directv's motion specifically alleges that the claims brought against Directv by Plaintiffs Hudson, Mahoney, and Phelps are time-barred in their entirety, and the claims of Plaintiffs Bryan, Gardner, George, Herriage, Houghes, King, Tran, Walker, and Wilson are time-barred in part, *i.e.*, to the extent they accrued more than two years before these Plaintiffs first filed any claims against Directv. [Doc. #22, p. 2]. Multiband's motion specifically alleges that the claims asserted against Multiband by Plaintiffs Hudson and Belk are time-barred in their entirety, and the claims of Plaintiffs Bryan, Tran, Wilson, George, Hernandez, Herriage, Houghes, Howard, and Walker are time-barred in part, *i.e.*, to the extent they accrued more than two years before these Plaintiffs first filed any claims against Multiband. [Doc. #23, pp. 1-2].

[8] Directv's motion specifically alleges that Plaintiffs Belk, Gardner, George, Houghes, Hudson, Konecny, Mahoney, Tran, and Walker allege they were paid effective hourly rates that exceeded the minimum wage rates required under the FLSA, and that Plaintiff King's allegations are also insufficient to establish a minimum wage violation. [Doc. #22, p. 2]. Multiband's motion specifically alleges that Plaintiffs Belk, George, Houghes, Hudson, Tran, and Walker allege they were paid effective hourly rates that exceeded the minimum wage rates required under the FLSA. [Doc. #23, p. 2].

6

their services. Defendants contend that such inferences would be essential to stating a plausible claim of joint employment against Directv and/or Multiband.

Nonetheless, upon due consideration of the 41-page, 202-paragraph complaint, both motions to dismiss currently before the Court, the combined response and reply, as well as the case law applicable thereto, the Court hereby finds that Plaintiffs' factual allegations exceed the minimum pleading requirements of Rule 8 and survive consideration of the above-stated principles applicable to Rule 12(b)(6) motions. Plaintiffs have certainly offered more than "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), or "unadorned, the-defendant-unlawfully-harmed-me accusations," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). At this stage in the litigation, Defendants have been sufficiently put on notice of the grounds upon which Plaintiffs' complaint rests, such that dismissal under Rule 12(b)(6) would be inappropriate.

## CONCLUSION

Defendants' motions [Docs. ##22, 23] are hereby **DENIED**, and Plaintiffs' motion [Doc. #26] is hereby **DENIED as MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 9 day of June, 2016.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE